Hillsborough,  } No. 3562.
 Jan. 2, 1946. }

IRENE SPYREDAKIS *v.* WALLACE W. POORE

and ALFRED W. POORE.

EMMANUEL SPYREDAKIS *v.* SAME.

*Chretien & Craig (Mr. Chretien* orally), for the plaintiffs.

*Wyman, Starr, Booth, Wadleigh & Langdell (Mr. Wyman* orally), for the defendants.

BRANCH, J.    Irene Spyredakis, hereinafter referred to as the plaintiff, was injured by a fall from a second story piazza appurtenant to an upstairs tenement rented by her husband, the plaintiff Emmanuel Spyredakis, from the defendants.    She had occupied this upper tenement for about a month before the accident, but prior to that time she had lived in the downstairs tenement for eleven or twelve years.    There was no clothes reel downstairs.    As long as she lived downstairs she used the upstairs clothes reel which was attached to the piazza above referred to.    After she moved upstairs the new tenant of the downstairs apartment was permitted, by some undisclosed arrangement, to use the clothes reel on the second floor piazza and it was the claim of the plaintiff that the piazza and the hall and stairway leading thereto constituted a common passageway which the defendants were bound to maintain in safe condition.    Upon no other theory could the plaintiff recover, (2 Restatement of Torts, s. 361; *Flanders* v. *Bank,* 90 N. H. 285) and it was, therefore, essential for her to establish as a fact that the defendants retained control over

the piazza in question. We are unable to discover in the record any evidence which would support such a finding:

The plaintiff, her husband, the defendants' janitor who let the downstairs tenement to the plaintiff originally, and the tenant who succeeded the plaintiff downstairs, were all witnesses at the trial, and no one of them testified that the right to use the upstairs clothes reel went with the downstairs tenement. The failure of plaintiff's counsel to put to these witnesses the crucial question in the case must be regarded as highly significant. The defendant, Alfred W. Poore, who was actively in charge of the property, emphatically denied that he knew about the use of the clothes reel by the occupants of the lower tenement and stated that "It was wholly up to the tenant up-stairs. They hired the upstairs part and it was theirs."

At the argument in this court it was stated by counsel for the plaintiff that "the best evidence in the case" of the defendants' re-tention of control of the piazza, is the testimony of Nicholson (the janitor). That testimony is as follows: "Q. Did you discuss with Mr. Poore himself the matter of another clothes reel? A. I went to his office once, without no complaining, and I asked him if we could put another clothes line on the first floor, and Mr. Poore tells me, 'There's none on the first floor?' and I said no, and he said, 'I didn't know that.' He said, 'Yes, we'll have to put another clothes reel on the first floor', and he says to me, 'I'll send a man to take the measures and put the clothes reel.' I don't know when it was, what year before. I don't remember what year it was, and he sent a man the next day or the day after, and the man measured the place to put another reel, and he told me . . . Q. Now after you discussed the matter of a clothes reel with Mr. Poore, and after somebody came and took measurements for another clothes reel, was a clothes reel ever erected on the first floor? A. No clothes reel was there. Q. And who used the clothes reel on the top floor? . . . A. Both families used the same clothes reel."

At the time of the incident above described, Mr. Nicholson was the tenant of the upstairs apartment, and although he stated that his conversation with Mr. Poore involved "no complaining," the whole transaction looks like an attempt on the part of Mr. Nicholson to end an unsatisfactory situation. This testimony, if believed, clearly charged Mr. Poore with knowledge of the need of a clothes reel on the first floor and an abortive attempt to supply that need by installing one. It does not justify a further finding, however, that Mr. Poore then or at any time undertook to meet the need for a clothes reel on

the first floor by requiring the second floor tenant to permit the use of his reel by the occupant of the first floor. Common use by arrangement between tenants does not create a common passageway, and the evidence indicates nothing more in this case.

This conclusion receives additional confirmation from the testimony of the plaintiff herself. She testified that when she moved upstairs she paid twenty-five cents a week extra rent, and continued as follows: "Q. Wasn't that extra twenty-five cents for something? Didn't you get something for your twenty-five cents? A. Yes. I didn't know what people there would be downstairs, and I wanted to have my own reel so that I wouldn't have any trouble with the people downstairs. Q. That is, you wanted to move upstairs so that you could have your own clothes reel and you wouldn't have to ask the people upstairs permission to use their clothes reel; That's the situation is it? A. Naturally, yes."

Plaintiff's case was fatally defective and a nonsuit should have been ordered. In view of this conclusion, defendants other exceptions do not require consideration.

*Judgment for the defendants.*

All concurred.